**JIN PING CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

**No. 07–5432–ag.**

United States Court of Appeals, Second Circuit.

Nov. 19, 2009.

Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Alison Marie Igoe, Senior Litigation Counsel; Ann Carroll Varnon, Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

Petitioner Jin Ping Chen, a native and citizen of the People's Republic of China, seeks review of the November 13, 2007 order of the BIA that: (1) affirmed the February 28, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her motion to reopen; and (2) denied her motion to remand. *In re Jin Ping Chen,* No. A070 579 413 (B.I.A. Nov. 13, 2007), *aff'g* No. A070 579 413 (Immig. Ct. N.Y. City Feb. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen or remand for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006); *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005). A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. *Li Yong Cao,* 421 F.3d at 156. When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

The agency did not err in denying Chen's untimely motions. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Chen argues that the agency erred in finding that the evidence she submitted failed to demonstrate either material changed country conditions sufficient to excuse the untimely filing of her motions or her *prima facie* eligibility for relief from deportation. However, these arguments fail where we have previously reviewed the BIA's consideration of evi-

dence similar to that which Chen submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Chen's arguments related to the filing of a successive asylum application are without merit. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).